1 | **KAZEROUNI LAW GROUP, APC**
2 | Abbas Kazerounian, Esq. (SBN: 249203)
  | ak@kazlg.com
3 | Matthew M. Loker, Esq. (SBN: 279939)
  | ml@kazlg.com
4 | 2700 N. Main Street, Ste. 1000
5 | Santa Ana, California 92705
  | Telephone: (800) 400-6808
6 | Facsimile: (800) 520-5523

7

8 | **[Additional Plaintiff's Counsel Listed on Signature Line]**

9 | Attorneys for Plaintiff,
  | Stuart Farber

10

11 | **UNITED STATES DISTRICT COURT**
12 | **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| **STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | Case No.: CV 13 - 03518 ABC (AJWx) |
| | **CLASS ACTION** |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | |
| **ALLIED INTERNATIONAL CREDIT CORP.,** | 1.) **47 U.S.C. § 227, ET SEQ.** |
| | **INDIVIDUAL COMPLAINT FOR VIOLATIONS OF:** |
| Defendant. | 1.) **CAL. CIV. CODE §§ 1788, ET SEQ.; AND,** |
| | 2.) **15 U.S.C. §§ 1692, ET SEQ.** |
| | **DEMAND FOR JURY TRIAL** |

26 | ///
27 | ///
28 | ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

**INTRODUCTION**

1. STUART FARBER ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ALLIED INTERNATIONAL CREDIT CORP. and its related entities, subsidiaries and agents ("Defendant") in negligently contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b); Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740 (2012).    In addition, 28 U.S.C. § 1367 provides jurisdiction for Plaintiff's supplemental state claims.

7.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California.

///

///

///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

## PARTIES

8.   Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9.   Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation incorporated in Canada. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).  Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

10.  Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11.  Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

12.  Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13.  Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

14.  This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer

credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS PERTAINING TO DEFENDANT'S VIOLATION OF THE TCPA

15.   Beginning in March 2013, Defendant began initiating telephonic communications to Plaintiff with an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1) using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. 227(b)(1)(A) in order to collect an alleged debt from Plaintiff.

16.   On information and belief, Plaintiff did not provide Plaintiff's cellular telephone number to Defendant through any medium at any time nor did Plaintiff provide Plaintiff's cellular telephone number to Chase Bank, the original creditor, through any medium at any time.

17.   Defendant obtained Plaintiff's contact information through unknown means.

18.   Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19.   To date, Plaintiff has received approximately two calls from Defendant where Defendant utilizes an "artificial or prerecorded voice" in conjunction with an ATDS.

20.   The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls and texts pursuant to 47 U.S.C. § 227(b)(1).

21.   These telephone communications constituted communications that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22.   These telephone communications constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4).

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

23. Plaintiff did not provide prior express consent to receive calls or messages on Plaintiff's cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

24. These telephone communications by Defendant, or its agent, violated 47 U.S.C. § 227(b)(1).

## DEFENDANT'S VIOLATION OF THE RFDCPA AND FDCPA

25. Plaintiff's violations of the RFDCPA and FDCPA are premised upon the protections of CCP § 580b which alleviates Plaintiff of any liability for the alleged debt described herein.

### BACKGROUND
### CCP § 580B

26. California Code of Civil Procedure § 580b ("CCP § 580b") precludes personal liability for a deficiency resulting from any loan obtained to pay the purchase price of owner-occupied residential property.

27. Specifically, CCP § 580b provides:

> "No deficiency judgment shall lie in any event after a sale of real property or an estate for years therein for failure of the purchaser to complete his or her contract of sale, or under a deed of trust or mortgage given to the vendor to secure payment of the balance of the purchase price of that real property or estate for years therein, or under a deed of trust or mortgage on a dwelling for not more than four families given to a lender to secure repayment of a loan which was in fact used to pay all or part of the purchase price of that dwelling occupied, entirely or in part, by the purchaser.

> Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof if no deficiency judgment would lie under the deed of trust or mortgage on the real property or estate for years therein."

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

28. After the Great Depression in the 1930s, the California legislature enacted CCP § 580b in order to require lenders holding a mortgage or deed of trust against an interest in real property to bring one single lawsuit against a defaulted borrower. This single lawsuit must both seek to enforce the security and to collect the secured debt. Essentially, the lender was required to exhaust the security prior to seeking enforcement of the secured debt against the debtor directly.

29. Between 1933 and 1963, CCP § 580 was amended several times to include an anti-deficiency provision that would effectively prohibit lenders from seeking to collect a deficiency judgment against a debtor personally after the sale of residential property. This provision is subsection (b) of CCP § 580.

30. California courts at this time were concerned with the "evil" actions of creditors who frequently bid on debtors' real property at nominal figures while holding the debtors liable for a large portion of their original debts at the same time.

31. Thus, the legislature enacted CCP §580b to, among other things: (1) prevent the over-evaluation of land; (2) encourage home ownership; and (3) prevent a downturn in the economy that would likely occur if purchasers of land were burdened with personal liability in the event of falling home prices.

32. CCP § 580b prevents deficiency liability of any kind after a sale or foreclosure when the loan in question is secured by a borrower's home.

## Construction Loans

33. California courts have decided that CCP §580b should be applied to property owners who borrow money to build their personal residence. The courts wanted to eliminate the inequitable situation where the purchaser of real property with an existing house was protected by CCP §580b but the purchaser of real property who later built a house on the lot was not protected. The owner of real property who finances and builds a dwelling

1   on the property by acquiring or obtaining the dwelling for a price is in no
2   less a sense a purchaser than the one who acquires or obtains the land itself.
3   34.   In other words, construction loans are considered to be purchase money and
4   are therefore protected by CCP §580b.

5                                    **Waiver**

6   35.   California law also makes it clear that a borrower may generally not waive
7   the protections of CCP § 580b.   The California Supreme Court has
8   specifically stated that "to allow a purchase money creditor to circumvent
9   the absolute rule [of prohibiting deficiency judgments] by enforcing a …
10   waiver of CCP § 580b in exchange for other concessions would flout the
11   very purpose of the rule."   So in the absence of informed consent and
12   consideration to the seller, the anti-deficiency protections of CCP §580b
13   cannot be waived.

14   36.   Borrowers, including Plaintiff and other California consumers, should not be
15   liable for deficiency in a short sale transaction because (1) they are not
16   specifically agreeing to waive deficiency protections; (2) they are not
17   receiving any consideration in the short sale transaction; and (3) the loans
18   were used to originally purchase a primary residence and protected by CCP
19   § 580b.

20   37.   Thus, the protections of CCP § 580b cannot generally be waived by a
21   borrower.

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

---

## FACTUAL ALLEGATIONS PERTAINING TO DEFENDANT'S VIOLATION OF THE RFDCPA AND FDCPA

38. In or about August 2007, Plaintiff is alleged to have incurred certain financial obligations to the original creditor, Chase Bank, in the form of a construction loan for 8129 Willow Glen Road, Los Angeles, CA 90046 (the "Farber Property"), which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

39. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

40. The terms of said loan explicitly stated that the "[b]orrower [Plaintiff] has requested and been approved for a home loan…to purchase the real property securing the loan…and construct a residence on the Farber Property. Thereafter, Plaintiff used this loan in the precise manner anticipated by the parties in leveling the home previously built on the Farber Property and constructing an entirely new residence on the property.

41. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt as a result of the severe economic turmoil currently plaguing the country.

42. In September 2010, Plaintiff sold the Farber Property by way of a "short sale" with Defendant receiving approximately $1,139,345.00.

43. In selling the Farber Property through a short sale in September 2010, Plaintiff signed a short sale approval letter containing language that attempted to hold Plaintiff responsible for all deficiency balances remaining on the loan which waived the protections allotted under CCP § 580b. Specifically, Defendant's short sale approval letter stated, "[t]he amount

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

1    paid to chase is for the release of Chase's security interest(s) only, and the
2    Borrower is responsible for all deficiency balances remaining on the Loan,
3    per the terms of the original loan documents."

4    44.    However, Plaintiff's loan was a standard purchase money debt secured by
5           Plaintiff's home.   Thus, pursuant to CCP § 580b, there was never any
6           deficiency obligation remaining on Plaintiff's loan.

7    45.    Despite the protection of CCP § 580b, Chase Bank allegedly assigned,
8           placed, or otherwise transferred, to Defendant for collection.

9    46.    Defendant has continued collection efforts on the purported deficiency
10          balance alleging that Plaintiff is not protected by CCP § 580b.  Specifically,
11          Defendant now contends that Plaintiff is indebted to Defendant.  Defendant
12          has attempted to collect on this purported deficiency balance even though
13          there is no debt owed under California law.  While Plaintiff has repeatedly
14          explained to Defendant that this debt is non-collectible due to CCP § 580b,
15          Defendant contends that Plaintiff waived the protections of CCP § 580b by
16          agreeing to the short sale of Plaintiff's home.

17   47.    Representatives of Defendant have indicated that, should Plaintiff not pay on
18          Plaintiff's non-collectible debt, Defendant will take all necessary and
19          available actions to pursue the balance purportedly owed, including taking
20          legal action against Plaintiff.

21   48.    Through this conduct, Defendant violated 15 U.S.C. § 1692e(2) by making
22          false representations concerning the character, amount or legal status of any
23          debt in asserting that the alleged debt alleged to be owed by Plaintiff was not
24          protected under CCP § 580b.  15 U.S.C. § 1692e(2) is incorporated into the
25          RFDCPA by California Civil Code § 1788.17.  Thus, Defendant has also
26          violated Cal. Civ. Code § 1788.17.

27   ///

28   ///

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

49. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by making false representations or using deceptive means to collect or attempt to collect on any debt by falsely representing to Plaintiffs and members of The Class that the alleged debt Defendant was attempting to collect was not protected by CCP § 580b.  15 U.S.C. § 1692e(10) is incorporated into the RFDCPA by California Civil Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

50. Through this conduct, Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect amounts which were not expressly authorized by the agreement creating the debt or permitted by law since Defendant attempted to collect an alleged debt that was not owed by Plaintiffs or the members due to the protections of CCP § 580b.  15 U.S.C. § 1692f(1) is incorporated into the RFDCPA by California Civil Code § 1788.17.  Thus, Defendant has also violated Cal. Civ. Code § 1788.17.

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

52. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited marketing and artificial or prerecorded voice messages from Defendant without prior express consent which message by Defendant or its agents was not made for emergency purposes, within the four years prior to the filing of this action.

53. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

54.   This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

55.   The joinder of The Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

56.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent any marketing and artificial or prerecorded voice messages to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing and/or SMS texting system to any telephone number assigned to a cellular phone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

d. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendants should be enjoined from engaging in such conduct in the future.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

57. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a).

58. As a person that received at least one marketing and artificial or prerecorded voice message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Sub-Class.

59. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

60. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

61. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

62. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

### FIRST CLASS ACTION CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CLASS ACTION CAUSE OF ACTION

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ.

67. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

69. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FIRST INDIVIDUAL CAUSE OF ACTION

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

73. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

### SECOND INDIVIDUAL CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

CLASS ACTION COMPLAINT FOR DAMAGES

76.     As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class. The Sub-Class members and Plaintiff individually the following relief against Defendant:

- That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

- Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff and The Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- For general damages according to proof;

- For special damages according to proof;

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

- For exemplary or punitive damages;
- For prejudgment interest at the legal rate;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendants individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendants individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendants individually;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendants individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendants individually.
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendants individually; and,
- For such further relief as this Court deems necessary, just, and proper.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: May 9, 2013

KAZEROUNI LAW GROUP, APC

By: /s Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

CLASS ACTION COMPLAINT FOR DAMAGES

**[ADDITIONAL PLAINTIFF'S COUNSEL]**

**HOFFMAN & FORDE, ATTORNEYS AT LAW**
Schuyler Hoffman, Esq. (SBN: 255632)
shoffman@hoffmanforde.com
Daniel Forde, Esq. (SBN: 248461)
dforde@hoffmanforde.com
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Telephone: (619) 546-7880
Facsimile: (619) 546-7881

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Ste. 1000
Santa Ana, California 92705

Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
2700 North Main Street, Suite 1000
Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 5
Facsimile:  (800) 520-5523

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART FARBER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED PLAINTIFF(S)<br>v.<br><br>ALLIED INTERNATIONAL CREDIT CORP.,<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 13 - 03518 ABC (AJWx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):

          A lawsuit has been filed against you.

          Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Matthew M. Loker, Esq.  _____, whose address is  2700 North Main Street, Suite 1000, Santa Ana, CA 92705  _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  5 | 16 | 2013  _____

By:  ___**DENISE VO**___
          Deputy Clerk

          (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
STUART FARBER,

**DEFENDANTS**
ALLIED INTERNATIONAL CREDIT CORP.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Matthew M. Loker, Esq. (SBN 279939)
2700 North Main Street, Suite 1000, Santa Ana, CA 92705
Telephone: (800) 400-6808 ext. 5  Facsimile: (800) 520-5523

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227, et seq. - Telephone Consumer Protection Act; and, 15 U.S.C. § 1692, et seq. - Unfair Debt Collection Practices

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

**FOR OFFICE USE ONLY:**   Case Number:   **CV 13 - 03518 ABC (AJWx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Canada |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date May 16, 2013

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV13- 3518 ABC (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.